UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD BIERNE                                                                      PLAINTIFF

v.                                      CIVIL ACTION NO. 3:13-CV-01156-CRS

FAURECIA EXHAUST SYSTEMS, INC.                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on a motion to remand (DN 9) filed by Plaintiff Donald Bierne ("Plaintiff") against Defendant Faurecia Exhaust Systems, Inc. ("Faurecia"). For the reasons set forth below, the Court will deny the motion to remand.

## BACKGROUND

Unless otherwise indicated, the following facts are undisputed. Plaintiff is a former employee of Defendant, for whom he worked as a production technician. In June 2012, Plaintiff sustained an injury to his shoulder while at work. Subsequently, Plaintiff filed a claim for worker's compensation benefits. On September 27, 2012, Plaintiff notified Defendant that he would need to undergo surgery in order to repair the injury to his shoulder. The following day, on September 28, 2012, Defendant terminated Plaintiff's employment allegedly on the grounds that he had been found sleeping at work.

On October 30, 2013, Plaintiff filed the present action in Jefferson County Circuit Court alleging that Defendant unlawfully terminated him because of his disability and his filing of a worker's compensation claim in violation of the Kentucky Civil Rights Act ("KCRA"). In his

Complaint, Plaintiff requested "actual damages, including, but not limited to[,] lost wages, emotional pain and other non-pecuniary losses,… back pay,… other terms, conditions, and privileges of employment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus attorney's fees and costs." (Complaint, DN 1-1, at ¶ 20). On November 22, 2013, Defendant removed the action on the basis of diversity jurisdiction. On December 5, 2013, Plaintiff filed the present motion to remand (DN 9) on the grounds that the amount in controversy did not exceed the jurisdictional minimum. Accompanying Plaintiff's Motion to Remand is a motion for costs, expenses, and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to remand.

## STANDARD

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving that these diversity jurisdiction requirements are met. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Where, as here, the complaint specifies only "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must show by a "preponderance of the evidence" that the plaintiff's claims are greater than $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993). Importantly, a defendant does not meet this burden if it establishes only "a mere possibility that

the jurisdictional amount is satisfied." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006).

## DISCUSSION

Because there is no dispute that the parties are citizens of different states, the sole issue presented by the motion to remand is whether Defendant has carried its burden of establishing that the amount-in-controversy more likely than not exceeds $75,000. For the reasons set forth below, we conclude that Defendant has successfully carried its burden. Accordingly, we will deny the motion to remand.

After beginning with Plaintiff's valuation of his claim for past lost wages at $28,368, Defendant asserts that the damages recoverable based on the following claims asserted in Plaintiff's Complaint are sufficient to exceed the jurisdictional minimum:

1) *Future lost wages.* While recognizing that Plaintiff does not expressly request future lost wages, Defendant argues such damages should be included in calculating the amount-in-controversy because Plaintiff requests "compensatory damages *including but not limited to* past lost wages…" (Complaint, DN 1-1, at ¶ 24) (emphasis added). Importantly, however, Defendant never attempts to quantify the amount that Plaintiff might recover for future lost wages. Because Defendant cannot meet its burden of demonstrating that the amount-in-controversy requirement has been satisfied by relying on "a mere possibility that the jurisdictional amount is satisfied," *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006), the Court concludes that any potential damages recoverable for future lost wages are not properly considerable in calculating the amount in controversy.

2) *Lost benefits*. Because Plaintiff expressly requests lost benefits in his Complaint, Defendant argues that any amounts recoverable for lost benefits must be considered in calculating the amount in controversy. Once again, however, Defendant provides no concrete evidence or other basis for evaluating the amount of damages that Plaintiff might recover for lost benefits. Indeed, rather than attempting to estimate the value of the benefits Plaintiff received during his employment, Defendant merely "asks the Court to take judicial notice that 'benefits' are a significant portion of an employee's total compensation above and beyond direct wages." (Response, DN 11, at 3). Standing alone, this is insufficient to render Plaintiff's claim for lost benefits properly considerable in calculating the amount in controversy. To begin with,

judicial notice may only be taken of a fact if it is "not subject to reasonable dispute because it: 1) is generally known within the trial court's territorial jurisdiction; or 2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(a). Clearly, the fact that "'benefits' are a significant portion of an employee's total compensation above and beyond direct wages" is not a fact which "is generally known" within this Court's territorial jurisdiction. Furthermore, even if it were a fact which could "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Defendant has failed to provide the Court with "the necessary information"—namely, the source from which the fact could readily be determined—in order to lay an adequate foundation for judicial notice under FED. R. EVID. 201(c)(2). For these reasons, the Court concludes that any amount in controversy attributable to Plaintiff's claim for lost benefits cannot properly be judicially noticed. Accordingly, any such amount will not be taken into account in calculating the amount in controversy.

3) *Emotional damages*. Defendant "estimates" that Plaintiff's emotional damages are "at least equal to his claim for wages and benefits." (Response, DN 11, at 3). Further, Defendant argues that "In order to maximize his recovery at trial or during settlement negotiations, Plaintiff will almost certainly claim that his emotional damages are close to… $40,000." (Response, DN 11, at 3). In his Motion to Remand, Plaintiff effectively concedes that his claim for emotional damages should be valued at $40,000 by asserting that "the value of [Plaintiff's] claim for emotional distress damages d[oes] not exceed $40,000." (Motion to Remand, DN 9, at 3). Accordingly, the Court will value Plaintiff's claim for emotional distress damages at $40,000 in calculating the amount in controversy. Combined with Plaintiff's valuation of his claim for past lost wages at $28,368, this brings the total amount in controversy to $68,368.

4) *Attorney's fees*. "[R]easonable attorney fees, when mandated or allowed by statute, may be included in the amount in controversy for purposes of diversity jurisdiction." *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n. 5 (6th Cir. 2009) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Because the KCRA permits the recovery of reasonable attorney's fees, we must include any amount recoverable for attorney's fees in calculating the amount in controversy. In his Motion to Remand, Plaintiff states only that "the claim for attorney's fees [is] less than $5,000." (Motion to Remand, DN 9, at 3). On its face, it is unclear whether Plaintiff means that the total claim for attorney's fees will be $5,000, or whether $5,000 of attorney's fees have accrued *up to this point*. However, given that we remain in the early stages of this litigation, we conclude that the $5,000 figure includes only those attorney's fees which have accrued up to this point. Because there is a very real possibility that more than $1,632 in attorney's fees will accrue over the course of the remainder of this litigation, we conclude that Defendant has carried its

burden of demonstrating that the amount in controversy will more likely than not exceed $75,000.

For these reasons, the Court will deny the motion to remand. Accordingly, the motion for costs will be denied as moot.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

August 12, 2014